UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHIEL GLEN OAKES,

               Petitioner,

     v.

DONALD R. HOLBROOK,

               Respondent.

Case No. C20-996-JCC-MLP

ORDER

      This is a federal habeas action brought under 28 U.S.C. § 2254. This matter is before the Court on Petitioner Michiel Glen Oakes' "Surreply Re: Striking Argument in Respondent's Reply" ("Petitioner's Motion"). (Dkt. # 33.)

      On December 1, 2021, Respondent submitted a response to Petitioner's motion for an evidentiary hearing, and a reply to Respondent's Answer, in a single combined filing ("Respondent's Reply"). (Dkt. # 31.) Petitioner's Motion requests that the Court strike material contained in Respondent's Reply, alleging that a portion of Respondent's argument concerning Petitioner's failure to file his habeas petition by the federal statute of limitations was not initially addressed in Respondent's Answer. (Dkt. # 33 at 1-2 (citing dkt. # 31 at 2-3).) In the alternative,

ORDER - 1

Petitioner requests that the Court re-note his habeas petition to January 3, 2022, to allow him an opportunity to respond to the alleged new argument. (*Id.* at 2.)

Pursuant to Local Rule 7(g), a party may request to strike material contained in a reply brief. In such instances, the opposing party may file a surreply requesting that the court strike the material, subject to the following requirements:

    (1)    That party must file a notice of intent to file a surreply as soon after receiving the reply brief as practicable;

    (2)    The surreply must be filed within five days of the filing of the reply brief, and shall be strictly limited to addressing the request to strike. Extraneous argument or a surreply filed for any other reason will not be considered;

    (3)    The surreply shall not exceed three pages . . . .

LCR 7(g).

Here, Petitioner filed his notice of intent to file a surreply within a day of receiving Respondent's Reply, and Petitioner's Motion was filed within five days of the filing of Respondent's Reply and does not exceed three pages. *See* LCR 7(g). However, the Court fails to discern what new argument was improperly brought forth by Respondent's Reply. Based on the Court's review of Respondent's Answer and Reply, the argument contained in Respondent's Reply regarding Petitioner's alleged failure to file his habeas petition by the federal statute of limitations—and the time either included or excluded for tolling the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2)—merely further develops Respondent's initial argument on this issue contained in his Answer. *Compare* dkt. # 14 at 7-9 *with* dkt. # 31 at 2-3. Contrary to Petitioner's assertion, Respondent's argument does not raise a new issue for the first time on reply. *Cf. State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990).

Nevertheless, the Court, having reviewed the briefing of the parties and the balance of the record, concludes that a surreply from Petitioner addressing the time either included or excluded

ORDER - 2

for the tolling of the federal statute of limitations to file a habeas petition would aid the Court in its resolution of Petitioner's federal habeas claims.

Accordingly, the Court hereby ORDERS as follows:

(1) The Court DENIES Petitioner's Motion (dkt. # 33).

(2) Petitioner is directed to file his Surreply to Respondent's Reply on or before **January 3, 2022**. This will conclude the briefing in this matter.

(3) Respondent's Answer (dkt. # 14) and Petitioner's Motion for Evidentiary Hearing (dkt. # 29) are RE-NOTED on the Court's calendar for consideration on **January 3, 2022.**

(4) The Clerk is directed to send copies of this Order to the parties and to the Honorable John C. Coughenour.

Dated this 6th day of December, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3