UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHIEL GLEN OAKES,

               Petitioner,

v.

DONALD R. HOLBROOK,

               Respondent.

Case No. C20-996-JCC-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION

Petitioner Michiel Glen Oakes ("Petitioner") is a state prisoner who is currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington. Petitioner seeks relief under 28 U.S.C. § 2254 from a 2010 judgment and sentence of the Skagit County Superior Court for a conviction of murder in the first degree. (Am. Pet. (dkt. # 7).) Respondent filed an answer to Petitioner's amended habeas petition (Answer (dkt. # 14)) and submitted relevant portions of the state court record (State Court Recs. I-X (dkt. ## 15-24)). In addition, Petitioner submitted a motion for an evidentiary hearing. (Pet.'s Mot. (dkt. # 29).)

Having considered the parties' submissions, the governing law, and the balance of the record, the Court recommends that: (1) Petitioner's amended habeas petition (dkt. # 7) be DENIED; (2) Petitioner's motion for an evidentiary hearing (dkt. # 29) be DENIED; (3) this

REPORT AND RECOMMENDATION - 1

action be DISMISSED with prejudice; and (4) that a certificate of appealability be DENIED as to all claims.

## II.  BACKGROUND

On October 22, 2010, Petitioner was convicted of murder in the first degree in Skagit County Superior Court. (Am. Pet. at 2.) On November 30, 2010, Petitioner was sentenced to 320 months of total confinement. (State Court Rec. I, Ex. 1 (dkt. # 15-1) at 2-11.)

Petitioner, through counsel, appealed his judgment and sentence to the Washington Court of Appeals. (State Court Rec. I, Ex. 2 at 13-94.) The Court of Appeals affirmed Petitioner's judgment and sentence in an unpublished opinion on May 18, 2015. (*Id.*, Ex. 8 at 244-98.) On June 11, 2015, Petitioner sought review from the Washington Supreme Court (*id.*, Ex. 13 at 329-60), and the Washington Supreme Court denied review without comment on December 2, 2015. (*Id.*, Ex. 14 at 362.) On January 15, 2016, the Court of Appeals issued a mandate terminating direct review.[1] (*Id.*, Ex. 15 at 364.)

Petitioner then retained post-conviction counsel Barbara Corey, who filed his first Personal Restraint Petition ("PRP") in the Court of Appeals on January 18, 2017. (State Court Rec. I, Ex. 16 at 366-90.) Petitioner's first PRP was amended by Ms. Corey on January 27, 2017. (*Id.*, Ex. 17 (dkt. # 15-2) at 392-432.)

On June 11, 2018, the Court of Appeals dismissed Petitioner's first PRP as untimely. (State Court Rec. IX (dkt. # 23), Ex. 25 at 1363-66.) The Court of Appeals additionally found that even if the PRP had been timely filed, Petitioner's claims failed for lack of merit. (*Id.* at 1366-72.) Petitioner sought review from the Washington Supreme Court on July 11, 2018. (State Court Rec. IX, Ex. 26 at 1374-1461.) On January 15, 2019, the Commissioner of the Washington

---

[1] Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. (*See* Answer at 2.)

REPORT AND RECOMMENDATION - 2

1  Supreme Court denied review because Petitioner's PRP was untimely. (*Id.*, Ex. 30 at 1535-37.)
2  Petitioner moved to modify the Commissioner's ruling (*id.*, Ex. 31 at 1539-95), but on April 3,
3  2019, that motion was denied by the Washington Supreme Court without comment (*id.*, Ex. 32 at
4  1597). On May 10, 2019, the Court of Appeals issued a mandate terminating review of
5  Petitioner's first PRP. (*Id.*, Ex. 33 at 1599.)
6      On June 4, 2020, Petitioner, through his current counsel Jason Saunders, filed a second
7  PRP in the Washington Supreme Court. (State Court Rec. X, Ex. 34 (dkt. # 24) at 1601-2324.)
8  On June 25, 2020, the Washington Supreme Court transferred the second PRP to the Court of
9  Appeals. (*Id.*, Ex. 37 at 2337.) On June 26, 2020, Petitioner, through counsel, filed his federal
10 habeas petition in this Court. (*See* Pet. (dkt. # 1).) Petitioner amended his federal petition on July
11 24, 2020. (*See* Am. Pet.) This Court thereafter granted Petitioner's unopposed motion to stay and
12 abey this action while he returned to state court to exhaust his remedies. (Dkt. ## 4, 9.)
13     On February 16, 2021, the Court of Appeals transferred the second PRP back to the
14 Washington Supreme Court. (State Court Rec. X, Ex. 40 (dkt. # 24) at 2599-601.) On February
15 24, 2021, the Commissioner of the Washington Supreme Court dismissed the second PRP as
16 untimely and successive. (*Id.*, Ex. 41 at 2603-05.) Petitioner subsequently moved to modify the
17 Commissioner's ruling (*id.*, Ex. 42 at 2607-2646), but that motion was denied by the Washington
18 Supreme Court without comment (*id.*, Ex. 43 at 2648). On June 22, 2021, the Washington
19 Supreme Court issued a certificate of finality. (*Id.*, Ex. 44 at 2650.)
20     On June 24, 2021, Petitioner filed a motion to lift the stay in this action, and on June 29,
21 2021, this Court lifted the stay and directed Respondent to file an answer. (Dkt. ## 11, 13.) On
22 August 5, 2021, Respondent filed an answer together with the state court record. (Answer; State
23 Court Recs. I-X.) After the grant of multiple extensions of time (dkt. ## 26, 28), on November

REPORT AND RECOMMENDATION - 3

17, 2021, Petitioner filed a reply to Respondent's answer which included a motion for an evidentiary hearing. (Pet.'s Mot.)

On December 1, 2021, Respondent submitted a reply in support of his answer. (Resp.'s Reply (dkt. # 31.)) On January 3, 2022, after being granted leave by the Court (dkt. #34), Petitioner filed a surreply. (Pet.'s Surreply (dkt. # 35).) This matter is now ripe for the Court's review.

### III.    DISCUSSION

Respondent argues that Petitioner failed to timely file his federal habeas petition, and therefore, his petition is barred under the federal statute of limitations. (Answer at 5, 7.) In the alternative, Respondent argues that Petitioner failed to properly exhaust his grounds for relief and that his claims are therefore procedurally barred. (*Id.* at 5, 10.) Petitioner counters that he is entitled to equitable tolling due to the conduct of Ms. Corey, his post-conviction attorney. (*See* Pet.'s Mot. at 2, 7.) Petitioner further argues that he can show cause and prejudice for any claimed failure to exhaust his state court remedies.[2] (*Id.* at 10.)

**A.    Statute of Limitations**

A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The one-year limitations period in § 2254 habeas actions starts to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Because the Court recommends that Petitioner's amended petition be dismissed with prejudice as time-barred, the Court declines to consider Respondent's alternative arguments that the amended habeas petition is also unexhausted and procedurally barred.

REPORT AND RECOMMENDATION - 4

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

      In this case, the period for Petitioner's direct review ended, at the latest, upon the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The Washington Supreme Court denied Petitioner's petition for review on direct appeal on December 2, 2015. (State Court Rec. I, Ex. 14 at 362.) Petitioner therefore had 90 days following the entry of that ruling—or until March 1, 2016—to file a petition for writ of certiorari. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. Because Petitioner did not file a petition for writ of certiorari, his conviction became final on March 1, 2016, and the one-year statute of limitations began to run the following day. 28 U.S.C. § 2244(d)(1)(A); *see Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (noting that the statute of limitations begins to run the day after a petition for writ of certiorari is due to the United States Supreme Court).

      The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Under Washington law, a collateral challenge of a judgment and sentence must be filed within one year of the judgment becoming final. RCW 10.73.090(1). A judgment becomes final on the most recent date of: (1) "the date [the judgment] is filed with the clerk of the court"; (2) "the date that an appellate court issues its mandate"; or

REPORT AND RECOMMENDATION - 5

1  (3) "the date that the United States Supreme Court denies a timely petition for certiorari." RCW
2  10.73.090(3).
3      Here, Petitioner fails to demonstrate that his first PRP was properly filed under 28 U.S.C.
4  § 2244(d)(2). Petitioner did not petition for a writ of certiorari, and thus, the one-year limitations
5  period for his state collateral challenge began to run on January 15, 2016—the date the Court of
6  Appeals issued the mandate terminating direct review. (*See* State Court Rec. I, Ex. 15 at 364.)
7  Petitioner had until January 17, 2017 to file any collateral challenge, including his first PRP.[3] It
8  is clear from the record, and the parties do not dispute, that Ms. Corey did not file Petitioner's
9  first PRP until January 18, 2017. (*See* State Court Rec. X, Ex. 34 at 1601-2324.) Both the Court
10 of Appeals and Washington Supreme Court denied review of Petitioner's first PRP as untimely.
11 (*See* State Court Rec. IX, Exs. 25 at 1363-66, 30 at 1535-37.) Because Petitioner's first PRP was
12 not timely, it was not "properly filed" and therefore did not act to toll the statute of limitations
13 under § 2244(d)(2). The federal statute of limitations thus ran continuously from March 2, 2016
14 until it expired on March 2, 2017, over three years before Petitioner filed his original federal
15 habeas petition on June 26, 2020. (*See* Pet.)
16     As it is clear from the record that Petitioner filed his federal habeas petition outside
17 § 2244(d)'s one-year limitation period, the Court turns to Petitioner's argument that he is entitled
18 to equitable tolling of the limitation period.
19     **B.**    **Equitable Tolling**
20     The one-year statute of limitations governing federal habeas petitions is subject to
21 equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). The

---

[3] The due date of Petitioner's collateral challenge technically exceeds the one-year limitation period of RCW 10.73.090 because January 15, 2017 was a Sunday, and January 16, 2017 was a holiday, *i.e.,* Martin Luther King, Jr.'s birthday. *See* RCW 1.12.040.

REPORT AND RECOMMENDATION - 6

Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065.

In order to receive equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently[;] and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner must also establish that the extraordinary circumstance itself was—in fact—the reason the federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

In considering the "extraordinary circumstances" prong, the Ninth Circuit has made clear that "run-of-the-mill mistakes by one's lawyer that cause a filing deadline to be missed do not rise to the level of extraordinary circumstances." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland*, 560 U.S. at 651-52); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (finding that miscalculation of limitations period by counsel did not constitute extraordinary circumstance sufficient to warrant equitable tolling). The Ninth Circuit has explained that "[m]istakes of this sort, which amount to nothing more than 'garden variety' negligence, are deemed too routine and unremarkable to warrant equity's intervention." *Luna*, 784 F.3d at 646 (citing *Holland*, 560 U.S. at 651-52).

Petitioner argues that Ms. Corey's actions in handling his first PRP constitute "extraordinary circumstances" warranting the application of equitable tolling because her conduct was more egregious than merely missing his first PRP deadline. (Pet.'s Mot. at 7-10; Pet.'s Surreply at 1-3.) Respondent counters that Petitioner fails to demonstrate that Ms. Corey's actions constitute abandonment sufficient to show "extraordinary circumstances," and that Petitioner otherwise failed to exercise reasonable diligence in timely filing his federal habeas petition. (Resp.'s Reply at 5-10.)

First, Petitioner argues that he had difficulties staying in contact with Ms. Corey regarding the status of his first PRP. (Pet.'s Mot. at 7-8.) Petitioner alleges that when he and his family were able to reach her, Ms. Corey assured them that she was aware of the filing deadline and was drafting the first PRP, but he claims that she failed to communicate that she would not be able to meet the deadline. (*Id.* at 8.) Petitioner further claims Ms. Corey attempted to cover up her errors by filing a corrected PRP shortly after missing the filing deadline. (*Id.*)

Petitioner additionally argues that Ms. Corey misrepresented the strengths and merits of his first PRP to his detriment. (Pet.'s Mot. at 8; Pet.'s Surreply at 3-4.) Petitioner alleges that Ms. Corey told him that "the Skagit County Prosecutor's response [to the untimely filing of his first PRP] was 'game-playing.'" (Pet.'s Mot. at 8.) Petitioner alleges that Ms. Corey also told his brother that the prosecutor was "playing games by claiming the late filing," that Petitioner's collateral challenge was not late, and that it would be approved. (*Id.*) Petitioner further alleges that the State's actions put Ms. Corey on notice and that she should have withdrawn or sought dismissal of the first PRP to re-file his non-time-barred claims. (Pet.'s Surreply at 3.)

Finally, Petitioner contends Ms. Corey misrepresented her actions to the Washington state courts. (Pet.'s Mot. at 8; Pet.'s Surreply at 4.) Petitioner alleges that Ms. Corey made

REPORT AND RECOMMENDATION - 8

multiple conflicting statements to the Court of Appeals about why the first PRP was filed late, including: (1) that the Court's e-filing portal was not working; (2) that she tried to email the first PRP to the court clerk, but was unsuccessful; and (3) that the court clerk told her the first PRP would be accepted if it was mailed on the filing deadline. (*See* Pet.'s Mot. at 8-9; Pet.'s Surreply at 4.) Petitioner further argues that Ms. Corey also presented these "demonstrably untrue statements" to the Washington Supreme Court. (Pet.'s Mot. at 9.)

In certain circumstances, courts have found that an attorney's misconduct may constitute "extraordinary circumstances" to justify the application of equitable tolling. *See Holland*, 560 U.S. at 652-53 (finding that effective abandonment of a client by post-conviction counsel may require equitable tolling); *Gibbs v. Legrand*, 767 F.3d 879, 886 (9th Cir. 2014) ("[f]ailure to inform a client that his case has been decided, particularly where that decision implicates the client's ability to bring further proceedings and the attorney has committed himself to informing his client of such a development, constitutes attorney abandonment."); *Spitsyn*, 345 F.3d at 801. In *Spitsyn*, the petitioner's counsel was hired almost a year before the deadline for filing his habeas petition but failed to file the petition. 345 F.3d at 798. The petitioner and his mother contacted the attorney several times to inquire about the petition but never received a response from the attorney. *Id.* Two weeks before the petition was due, the petitioner wrote his counsel to terminate the representation and request his case file. *Id.* Only after the filing deadline had passed did the attorney communicate with the petitioner to return his payment. *Id.* However, the attorney failed to return petitioner's case file until two months after the statute of limitations expired. *Id.* The Ninth Circuit found the attorney's conduct to be sufficiently egregious to justify equitable tolling. *Id.* at 801.

REPORT AND RECOMMENDATION - 9

Since *Spitsyn*, the Ninth Circuit has routinely found that attorney misconduct that is "sufficiently egregious" can establish a basis for equitable tolling. *See Luna*, 784 F.3d at 649 ("[O]ur cases holding that egregious attorney misconduct of all stripes may serve as a basis for equitable tolling remain good law."); *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011). In *Luna*, the petitioner's attorney moved to have the petitioner's original *pro se* federal habeas petition voluntarily dismissed but later failed to file a new petition before the statute of limitations expired. 784 F.3d at 643-45. The attorney then misled the petitioner that his federal habeas petition was moving forward for six years, despite it never being filed. *Id.* at 645. The Ninth Circuit found that the attorney's misconduct constituted extraordinary circumstances sufficient to warrant equitable tolling. *Id.* at 646-49. Similarly, in *Doe*, the petitioner's attorney never filed a federal habeas petition despite his promises to do so, and then took over six months to return his legal files. 661 F.3d at 1012. The Ninth Circuit found the circumstances in *Doe* to be "far more egregious than those we encountered in [*Spitsyn*]." *Id.*

In this case, the record does not support a conclusion that Ms. Corey's conduct in failing to timely file Petitioner's first PRP amounts to "extraordinary circumstances." Though Petitioner contends Ms. Corey's conduct "was far more egregious than the conduct that justified equitable tolling in *Spitsyn*," it is clear *Spitsyn* and the Ninth Circuit's subsequent case law finding extraordinary circumstances are dissimilar from the instant case. (Pet.'s Mot. at 9.) While the amount of communication Petitioner had with Ms. Corey may not have met his expectations, it fails to rise to the level of a complete lack of communication as was the case in *Spitsyn*. *See Spitsyn*, 345 F.3d at 801 ("Non-responsiveness may be unprofessional, but it is hardly unheard of."). Likewise, Ms. Corey's late filing of Petitioner's first PRP does not equate to the complete

lack of filing and failure to return the petitioner's legal file as occurred in *Spitsyn* and *Doe*. *See id.* at 798.

Moreover, Ms. Corey continued to pursue Petitioner's collateral challenge. Whereas the attorneys in *Luna* and *Doe* misrepresented the existence of the petitions entirely, Ms. Corey filed Petitioner's first PRP—albeit one day after the deadline—and continued to pursue his collateral challenge at both the Court of Appeals and the Washington Supreme Court. (*See* Pet.'s Surreply at 3-6; *see also* State Court Rec. I, Exs. 16 at 366-90, 17 at 392-432; State Court. Rec. IX, Exs. 26 at 1374-1461, 31 at 1539-95.) Ms. Corey's untimely filing of Petitioner's first PRP is more akin to a "run-of-the-mill mistake" which the Ninth Circuit has made clear does not warrant equitable tolling. *See Luna*, 784 F.3d at 646 ("Courts do not recognize run-of-the-mill mistakes as grounds for equitable tolling because doing so would essentially equitably toll limitations periods for every person whose attorney missed a deadline.") (citation and internal quotations omitted).

Finally, even if the Court were able to find extraordinary circumstances based on Ms. Corey's actions sufficient to warrant equitable tolling of the time prior to Petitioner's first PRP deadline and while it remained pending, Petitioner's federal habeas petition was still filed well over a year after the May 10, 2019 mandate terminating review of his first PRP. Petitioner fails to demonstrate how Ms. Corey's alleged abandonment prevented him from timely filing his federal habeas petition after the Court of Appeals issued the May 10, 2019 mandate.[4]

---

[4] Petitioner argues that "[b]ecause the extraordinary circumstances spawned by Ms. Corey's misconduct arose before the statute of limitations expired, they continued until June 26, 2020," and because Petitioner was reasonably diligent through that period, his petition is timely. (Pet.'s Surreply at 2 (citing *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020).) Petitioner appears to misunderstand the *Smith* decision. Though it clarified the diligence a petitioner must undertake for the application of equitable tolling, "it is only when an *extraordinary circumstance* prevented a petitioner acting with reasonable diligence from

REPORT AND RECOMMENDATION - 11

1    Because Petitioner filed his federal habeas petition outside of the § 2254 statute of
2    limitation period, and because Petitioner has not demonstrated that he is entitled to equitable
3    tolling of the limitation period, Petitioner's petition is time-barred.

   **C.   Evidentiary Hearing**

   Petitioner requests an evidentiary hearing for the Court to further determine whether he is entitled to equitable tolling based on Ms. Corey's actions. (Pet.'s Mot. at 2-10.) The decision to grant an evidentiary hearing lies within the discretion of the Court. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The Court "must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id*. at 474 (citation omitted). The Court's review under 28 U.S.C. § 2254(d)(1) is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). Therefore, a hearing is not required if the factual allegations would not entitle Petitioner to relief under § 2254(d). *See Landrigan*, 550 U.S. at 474.

   The Court finds it is not necessary to hold an evidentiary hearing in this case because Petitioner's claims may be resolved on the existing state court record. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) ("[A]n evidentiary hearing is not required on issues that can be resolved by reference to the state court record."). In any event, it is unlikely Petitioner would be able to produce evidence outside of the existing state court record as Petitioner's equitable tolling arguments revolve around the conduct of Ms. Corey, who is now deceased. Because Petitioner has not alleged facts that would entitle him to habeas relief, his request for an evidentiary hearing should be denied.

---

making a timely filing that equitable tolling may be the proper remedy." 953 F.3d at 600 (emphasis added).

REPORT AND RECOMMENDATION - 12

### IV.  CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court recommends that a certificate of appealability be denied as to all claims.

### V.  CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's amended habeas petition (dkt. # 7) be DISMISSED with prejudice, Petitioner's motion for an evidentiary hearing (dkt. # 29) be DENIED, and that a certificate of appealability be DENIED as to all claims. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 25, 2022.**

REPORT AND RECOMMENDATION - 13

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable John C. Coughenour.

Dated this 2nd day of March, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge