THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHIEL GLEN OAKES,

                    Petitioner,

        v.

DONALD R. HOLBROOK,

                    Respondent.

CASE NO. C20-0996-JCC

ORDER

This matter comes before the Court on Petitioner's objections (Dkt. No. 39) to the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, U.S. Magistrate Judge (Dkt. No. 38) recommending dismissal with prejudice of his *habeas* petition (Dkt. Nos. 1, 7); and on Petitioner's motion for a certificate of appealability ("COA"), (Dkt. No. 40). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES Petitioner's objections, ADOPTS the R&R, DISMISSES the petition with prejudice, and GRANTS the motion for a COA for the reasons explained below.

## I.    BACKGROUND

Petitioner is a state prisoner serving a sentence for the murder in the first degree; he filed this action seeking a writ of *habeas corpus* under 28 U.S.C. § 2254. (*See generally* Dkt. Nos. 1, 1-1.) The R&R and, consequently, Petitioner's objections to it, depend principally on the procedural timeline of the underlying criminal case and state collateral attack proceedings. The

Court thus recounts the relevant information in bullet-point format:

### A.    Direct Review

- **November 30, 2010** – The state trial court sentenced petitioner to 320 months in prison. (Dkt. No. 15-1 at 5.)

- **December 2, 2015** – The Washington Court of Appeals affirmed Petitioner's conviction, and the Washington Supreme Court denied discretionary review. (*See id.* at 244, 362.)

- **January 15, 2016** – The Court of Appeals' mandate issued, terminating direct review. (*Id.* at 364.)

- **March 1, 2016** – The federal statute of limitations for seeking *habeas* relief began to run, upon expiration of the deadline to seek review from the U.S. Supreme Court.[1]

### B.    First PRP

- **January 17, 2017** – This was the last day under state law that Petitioner could file a personal restraint petition ("PRP") collaterally attacking his conviction, one year from issuance of the appellate mandate.[2] His former counsel, Barbara Corey (deceased), mailed a PRP ("First PRP") to the Court of Appeals. (*See* Dkt. No. 23 at 197–99.)[3]

- **January 18, 2017** – The Court of Appeals received and filed the First PRP. (Dkt. Nos. 15-1 at 366, 23 at 197–99); *see also* Wash. RAP 18.6(c) (in general, a document "is timely filed only if it is received by the appellate court within the time permitted for filing.").

- **June 11, 2018** – The Court of Appeals denied the First PRP as untimely and held in the alternative that, regardless of timeliness, it failed on the merits. (Dkt. No. 23 at 223–33.)

---

[1] *See* Part II.A, below.

[2] *See* RCW 10.73.090(1) ("No petition . . . for collateral attack on a judgment . . . in a criminal case may be filed more than one year after the judgment becomes final . . . .").

[3] In a declaration, Ms. Corey's legal assistant asserts that the Court of Appeals' clerk told him "that a timely postmarked USPS mailing of the PRP . . . would suffice as showing timely filing." (Dkt. No. 23 at 197.) *But see* Wash. RAP 18.6(c).

- **January 15, 2019** – The Washington Supreme Court[4] denied Petitioner's request for discretionary review because the First PRP was untimely. (*Id.* at 235, 396–98.)

- **April 3, 2019** – The Washington Supreme Court denied Petitioner's motion to modify the January 2019 decision denying review. (*Id.* at 458.)

- **May 10, 2019** – The Court of Appeals' mandate issued on the First PRP. (*Id.* at 460.)

### C.  Second PRP and Federal *Habeas* Action

- **June 4, 2020** – Petitioner's current counsel filed another PRP (the "Second PRP") in the Washington Supreme Court. (Dkt. No. 24 at 2.) The Second PRP argued that Petitioner's *Brady* claim was exempt from normal PRP time limits and, because the Court of Appeals had not considered its merits in ruling on the First PRP, could be re-asserted in the Second PRP. (*See id.* at 28–33. *But see* Dkt. No. 23 at 227–33 (holding in the alternative that the First PRP failed on the merits).)

- **June 26, 2020** – Petitioner filed this federal *habeas* action, and the Magistrate Judge stayed the case pending resolution of the Second PRP. (Dkt. Nos. 1, 9.)

- **February 24, 2021** – The Washington Supreme Court dismissed the Second PRP as untimely and successive, explaining that the Court of Appeals in fact *had* considered the *Brady* claim on the merits in its alternative holding when it dismissed the First PRP. (Dkt. No. 24 at 1004–06.)

### D.  The R&R

In June 2021, the Court lifted the stay in this federal *habeas* case; the parties submitted additional materials from the state court record, filed additional briefs, and Magistrate Judge Peterson issued the R&R. (*See generally* Dkt. No. 13, *et seq.*; Dkt. No. 38.)

The R&R reasons that the one-year time limit to seek federal *habeas* relief expired on

---

[4] The Washington Supreme Court employs commissioners, who adjudicate certain procedural motions, including requests for discretionary review. *See* Wash. SAR 15(c). For convenience, this order refers to the "Washington Supreme Court" even to describe commissioner rulings.

March 1, 2017, and that statutory tolling did not apply because the First PRP was untimely and thus not "properly filed" as required for statutory tolling. (Dkt. No. 38 at 5–6 (citing 28 U.S.C. § 2444(d)(1)(A), (d)(2)).) The R&R also concludes that Ms. Corey's conduct in filing the First PRP a day late was not sufficiently egregious to qualify as "extraordinary circumstances" justifying equitable tolling. (*Id.* at 7–9 (citing *Luna v. Kernan*, 784 F.3d 796, 799 (9th Cir. 2003) ("[R]un-of-the-mill mistakes by one's lawyer that cause a filing deadline to be missed do not rise to the level of extraordinary circumstances.")).)

## II.   DISCUSSION

### A.   Objections to the R&R

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects by filing "specific written objections" to the R&R as required under Federal Rule of Civil Procedure 72(b)(2).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner to bring a federal *habeas* action within a year after the criminal judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). Here, this happened upon expiration of the deadline for seeking review in the United States Supreme Court. *See id.* That deadline fell 90 days after the Washington Supreme Court denied review on December 2, 2015. *See* S. Ct. R. 13.1. Thus, the statute of limitations began to run on March 1, 2016, and it expired on March 1, 2017. Petitioner did not file this case until June 2020, well after that.

However, the limitations period tolls while a "properly filed" state petition for post-conviction review is pending. 28 U.S.C. § 2244(d)(2). Under state law, however, the First PRP was a day late. *See* RCW 10.73.090(1); Wash. RAP 18.6(c); (Dkt. Nos. 15-1 at 366, 23 at 197–99). The First PRP was thus not "properly filed" and could not pause the limitations period. *Artuz v. Bennett*, 531 U.S. 4, 8 (2008) (a petition for postconviction relief is "properly filed" if it complies with state procedural rules for filings).

Because statutory tolling is unavailable, Petitioner and Judge Peterson focus chiefly on equitable tolling. (*See* Dkt. Nos. 38 at 6–12; 39 at 4–12.) Equitable tolling requires Petitioner to show that (1) he has been diligently pursuing his rights, and (2) some extraordinary circumstance "stood in his way" and prevented timely filing. *See Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc). Petitioner's primary objection is that the R&R erred in concluding that Ms. Corey's tardy filing of the First PRP, and related conduct, was not sufficiently egregious to constitute "extraordinary circumstances" that justify equitable tolling. (*See* Dkt. No. 39 at 5–11.)[5]

As the R&R points out, however, whether Ms. Corey's conduct was sufficiently egregious to demonstrate extraordinary circumstances is ultimately beside the point:

> [E]ven if the Court were able to find extraordinary circumstances based on Ms. Corey's actions sufficient to warrant equitable tolling of the time prior to Petitioner's [F]irst PRP deadline and while it remained pending, Petitioner's federal habeas petition was stile filed well over a year after the May 10, 2019 mandate terminating review of his [F]irst PRP.

(Dkt. No. 38 at 11.) Petitioner disagrees, asserting that the *Brady* claims raised in his First PRP were statutorily exempt from Washington's one-year PRP deadline and thus, because Washington courts cannot consider PRPs where time-barred claims are asserted alongside time-exempt claims as apparently happened here, they *had* to be re-filed in the Second PRP or else this Court would have held he had not exhausted them. (Dkt. No. 39 at 11–12 (citing Dkt. No. 23 at 398; *In re Hankerson*, 72 P.3d 703, 705–06 (Wash. 2003)).)

This argument is wrong for at least two reasons. First, as the Washington Supreme Court pointed out, the Court of Appeals already considered the merits of Petitioner's *Brady* claim

---

[5] Petitioner's evidence of Ms. Cory's conduct consists mostly of partially redacted email messages, not with Ms. Cory but with Petitioner's brother, who apparently acted as an intermediary. (*See* Dkt. No. 29 at 19–83.) Still, these emails suggest that Ms. Corey indeed failed to meet the level of diligence and responsiveness that attorneys are expected to meet (*See id.*) This Court does not resolve, however, whether her conduct amounts to "extraordinary circumstances" for equitable tolling purposes.

(albeit in a somewhat cursory fashion) when it rejected the First PRP; so state law barred him from raising it again in the Second PRP. (Dkt. No. 24 at 1005–06.)

Second, the argument about the *Brady* claim being deadline-exempt under state law is non-responsive to the R&R's reasoning: After the appellate mandate issued on May 10, 2019, to terminate review of the First PRP, (Dkt. No. 23 at 460), Petitioner waited more than a year before filing this federal *habeas* action, (*see* Dkt. No. 1.) So, even if he were correct that Ms. Corey's filing the First PRP a day late was an extraordinary circumstance, his federal lawsuit would still be untimely no matter how one slices it. (*See* Dkt. No. 41 at 9–10; Method 1 and Method 2, below).

| Method 1: Run limitations period from when state judgment became final | | |
|---|---|---|
| Date | Event | Days left |
| March 1, 2016 | Limitations period starts to run | 365 |
| January 17, 2017 | Equitable tolling begins | 322 |
| May 10, 2019 | Tolling ends upon termination of review of First PRP | 322 |
| June 26, 2020 | Filing of federal *habeas* action | –91 |

| Method 2: Apply equitable tolling all the way through the First PRP | | |
|---|---|---|
| Date | Event | Days left |
| March 1, 2016 | Equitable tolling begins | 365 |
| May 10, 2019 | Limitations period begins upon termination of review of First PRP | 365 |
| June 26, 2020 | Filing of federal *habeas* action | –48 |

Furthermore, the above calculations are based on the so-called "stop-clock" method of applying equitable tolling to the AEDPA statute of limitations. The Ninth Circuit in *Smith v. Davis* rejected that approach in favor of one that requires petitioners to show, in essence, why they could not file their federal *habeas* lawsuits sooner than they actually did—even if there are no longer extraordinary circumstances impeding their ability to file.

In *Smith*, the court rejected Smith's argument that the limitations period should have been tolled for 66 days during which his former attorney withheld his case file and did not respond to Smith's communications. 953 F.3d at 586–87, 600; (*see also* "Smith's Argument" chart, below).

| Smith's Unsuccessful Argument in *Smith v. Davis* | | |
|---|---|---|
| Date | Event | Days left |
| June 10, 2014 | Limitations period starts to run | 365 |
| August 15, 2014 | Smith's attorney tells him the state appeal was denied and returns the appellate record | 365 (66 days tolled) |
| August 14, 2015 | Tolling ends upon termination of review of First PRP | 1 |

After examining congressional intent and Supreme Court precedent, the Ninth Circuit held that, to demonstrate the "diligence" required for equitable tolling, a petitioner must show reasonable diligence "not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Id.* at 600. The court held that Smith—whose *habeas* petition consisted of minimally altered versions of arguments he had previously made in state appellate courts—had not shown the requisite diligence. *Id.* at 600–01. Said the Court:

> The problem . . . is not simply that he took 364 days after receiving his case file to file his habeas petition. We have no trouble imaging [sic] a circumstance where a petitioner is impeded from working on a habeas petition for two months, but . . . uses the next 364 days diligently, files his petition, and has the entire two months . . . equitably tolled. What reasonable diligence would look like . . . varies based on . . . the case, but in every instance . . . [it] seemingly requires the petitioner to work on his petition with some regularity—as permitted by his circumstances— until he files it in the district court. The problem with Smith's request for equitable tolling is that when given the opportunity to explain how he had used his time diligently after receiving his file from his attorney . . . , Smith made no allegation . . . that he had acted diligently but had not been able to file earlier.

*Id.*

Just as in *Davis*, Petitioner has not explained how he used the time after the alleged impediment to timely filing (his former attorney's neglect) ended—that is, why he was unable to

1  file this case for 413 days after review terminated on the First PRP. (*See* Dkt. Nos. 35 at 2–3; 39
2  at 5–6.) It is no answer to point to the Second PRP because he filed that action only three weeks
3  before this one—still 391 days after review terminated on the First PRP.

4      Petitioner's theory, however, is that unlike in *Davis*, the alleged impediment to filing
5  never really ended. (*See* Dkt. Nos. 35 at 2; 39 at 8–9.) If exhausting a ground for federal *habeas*
6  relief requires filing a state postconviction proceeding[6] and that proceeding takes longer than is
7  left in the federal limitations period, then belatedly filing the state petition will immediately
8  doom any subsequent federal *habeas* action. If the state petition is withdrawn, the ground is
9  unexhausted; if it proceeds, there will be no statutory tolling under § 2244(d)(2). Therefore,
10  Petitioner's argument posits, if extraordinary circumstances prevent a timely filing in state court,
11  those circumstances remain an impediment to timely filing a federal petition (even after the state
12  proceeding ends) up until the federal petition is actually filed. (*See* Dkt. Nos. 35 at 2; 39 at 8–9.)

13      The Court disagrees. Petitioner's argument has no limiting principle. Accepting it would
14  mean his petition could still be timely even if he waited five years after the First PRP ended.
15  Moreover, it conflicts with the rationale described in *Smith* for requiring courts to evaluate a
16  petitioner's diligence "before, *during*, and after" the existence of an extraordinary circumstance.
17  *See* 953 F.3d at 595 (emphasis added). Petitioner's objections are thus OVERRULED.

18      **B.    Certificate of Appealability**

19      "[W]hen a district court denies a habeas petition on procedural grounds without reaching
20  the prisoner's underlying constitutional claim," a certificate of appealability ("COA") can issue
21  only if the petitioner shows that jurists of reason would find it debatable whether (1) the district
22  court was correct in its procedural ruling, and (2) the petition states a valid claim of the denial of
23  a constitutional right. *Carter v. Davis*, 946 F.3d 489, 522 (9th Cir. 2019) (citing *Slack v.*

24

25  ─────────────
[6] This might be so, for example, if the ground is based on new evidence or otherwise could not be
26  presented on direct review. *See* 28 U.S.C. § 2254(d) (state remedies are not exhausted if state law
    provides an available procedure to raise the question presented).

1    *McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

2           It may be that jurists of reason could debate whether Ms. Corey's representation

3    amounted to extraordinary circumstances to warrant tolling. But that is ultimately beside the

4    point because, as the analysis above illustrates, Ms. Corey's conduct does not even matter if

5    Petitioner fails to account for his activities during the intervening 413 days as *Smith* seemingly

6    requires. In addressing this issue in a brief he submitted before Judge Peterson issued the R&R,

7    he merely asserted that "[b]ecause the extraordinary circumstances spawned by Ms. Corey's

8    misconduct arose before the statute of limitations expired, they continued until June 26, 2020,"

9    and because he "was reasonably diligent throughout that period, his petition is timely." (Dkt. No.

10   35 at 2 (citing case law, but no record evidence).) His latest submission, too, argues diligence

11   only as to the period before termination of review on the First PRP. (*See* Dkt. No. 39 at 5.)

12          However, this case differs from *Smith* in that Ms. Corey's conduct—sufficiently

13   egregious or not—meant that Petitioner never had a shot at filing a timely federal *habeas* petition

14   without equitable tolling. Smith, in contrast, still had 299 days left in the federal limitations

15   period when he received his casefile. *See Smith*, 953 F.3d at 586–87. As explained above, the

16   Court believes this distinction ultimately makes no difference. *See id.* at 601 ("[R]easonable

17   diligence . . . requires the petitioner to work on his petition with some regularity—as permitted

18   by his circumstances—until he files it . . . ."). Still, Petitioner's fact pattern is sufficiently

19   different from *Smith* that jurists of reason could at least debate—even if not ultimately agree—

20   that the outcome should different than in *Smith*.

21   **III.    CONCLUSION**

22          For the foregoing reasons, it is hereby ORDERED as follows:

23          1.      Petitioner's objection (Dkt. No. 39) is OVERRULED.

24          2.      His motion for a certificate of appealability (Dkt. No. 40) is GRANTED.

25          3.      The Court MODIFIES the R&R to incorporate the analysis above and ADOPTS

26   the R&R (Dkt. No. 38) as modified.

ORDER
C20-0996-JCC
PAGE - 9

DATED this 28th day of April 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE